UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAE'CEON MEKO BINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>CENTIER BANK and MARCUS MAYER,<br>*Branch Manager*,<br><br>Defendants. | CAUSE NO.: 2:20-CV-478-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 10], filed by the Defendants on March 31, 2021. The Plaintiff did not respond, and the opportunity to do so has passed. *See* N.D. Ind. L.R. 7-1(d)(2). For the reasons set forth below, the Court grants the motion to dismiss. The Plaintiff is granted up to and including March 25, 2022, to file an amended complaint.

**BACKGROUND**

The Plaintiff, proceeding pro se, filed his Complaint [ECF No. 1] on December 29, 2020. The Plaintiff alleges that the Defendants violated the Equal Credit Opportunity Act (ECOA) and Section 1002.2 of Regulation B.[1] Compl. 2, ECF No. 1. The Plaintiff claims that, on December 2, 2020, Centier Bank "denied [his] Loan twice solely Because [his] income derives from public assistance (unemployment compensation)." *Id.* Next, he alleges that the following day he told Marcus Mayer, the branch manager, that he felt the bank was discriminating against him by not accepting his unemployment income as a basis for a line of credit. *Id.* The Plaintiff then closed

---

[1] Section 1002.2 of Regulation B, or 12 C.F.R. § 1002.2, provides definitions for certain regulations that were issued by the Bureau of Consumer Financial Protection under the ECOA. *See* 12 C.F.R. §§ 1002.1, 1002.2.

his account with the bank to go to a different branch, and he alleges that Mr. Mayer was mad and put a note in the bank's system not to open an account for the Plaintiff based on his accusation of discrimination. *Id.* He states that Mr. Mayer retaliated against him and broke the law. *Id.* For relief, the Plaintiff seeks to hold the Defendants accountable for discrimination, the approval of his loan application, and any other available remedies. *Id.* at 3.

The Defendants filed a Motion to Dismiss [ECF No. 10] on March 31, 2021, arguing that the Plaintiff has failed to state a claim under the ECOA. The Plaintiff did not respond.

## MOTION TO DISMISS STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all of the factual allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Because the Plaintiff is proceeding pro se, the Court construes his allegations liberally. *Greer v. Bd. of Educ. of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001).

2

ANALYSIS

**A.      Equal Credit Opportunity Act**

The Plaintiff's primary claim is that he was discriminated against in his loan application because his income was derived from unemployment benefits. He states that this violates the ECOA, which provides, in relevant part, that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . because all or part of the applicant's income derives from any public assistance program." 15 U.S.C. § 1691(a)(2). To state a claim under § 1691(a)(2), the Plaintiff must allege that he was an "applicant" and that the Defendants treated him less favorably because his income came from a public assistance program. *See Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 538 (7th Cir. 2011) (citation omitted). The Plaintiff's allegations "need not provide great detail to state a claim" of discrimination under the ECOA. *See Walton v. First Merchs. Bank*, 772 F. App'x 349, 350 (7th Cir. 2019) (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014)).

Here, the Plaintiff's relevant factual allegations amount to his reliance on unemployment benefits for income and that the bank denied his loan applications. While he claims that his loan applications were denied solely because he received unemployment, he provides no factual claims to support that conclusion. *See Walton*, 772 F. App'x at 351 (stating that "bare statements that the alleged customer-service failures were 'clear' discrimination are insufficient"). The lack of factual allegations is further complicated by the fact that banks are allowed to ask about income derived from public assistance programs, provided it is relevant to specified elements of creditworthiness. *See* 15 U.S.C. § 1691(b)(2); *cf. Wigginton v. Bank of Am. Corp.*, 770 F.3d 521, 522 (7th Cir. 2014) (explaining that *discrimination* is forbidden, not requests for pertinent

3

information). Because the Plaintiff has not alleged factual content supporting an inference of discrimination (as opposed to a proper loan denial), he fails to nudge his claim "from conceivable to plausible." *Twombly*, 550 U.S. at 570.

By way of example, in ECOA claims that have survived a motion to dismiss, courts were able to point to specific factual allegations supporting an inference of discrimination. *See, e.g.*, *Spike Body Werks v. Byline Bankcorp, Inc.*, No. 20-cv-4771, 2021 WL 3849647, at *2–3, 5 (N.D. Ill. Aug. 27, 2021) (highlighting the fact that the bank took advantage of a language barrier); *FirstMerit Bank, N.A. v. Ferrari*, 71 F. Supp. 3d 751, 755 (N.D. Ill. 2014) (stating that the claim was buttressed by an allegation that a loan officer made a biased comment about Hispanics). Similarly, in Fair Housing Act (FHA) cases,[2] courts have suggested that plaintiffs need to allege they were otherwise qualified for the loan or that they were treated different than other applicants to allow an inference of discrimination in a loan decision. *See Wigginton*, 770 F.3d at 522 (dismissing an FHA claim because the Plaintiff did not allege "that someone else has been treated differently"); *Hardaway v. CIT Grp./Consumer Fin. Inc.*, 836 F. Supp. 2d 677, 683 (N.D. Ill. 2011) (dismissing an FHA claim because, among other things, the plaintiff did not allege he was qualified for the loan modification or that he received less favorable treatment than other applicants because of his race). Not only does the Plaintiff fail to include comparable allegations in his Complaint, but he also fails to provide any description of the circumstances surrounding his loan applications.

---

[2] When assessing ECOA claims, courts have drawn from standards dealing with other types of discrimination cases, such as Title VII employment discrimination or the FHA. *See FirstMerit Bank*, 71 F. Supp. 3d at 755 (considering employment and FHA standards in assessing whether an ECOA claim survives a motion to dismiss); *see also Sims v. New Penn Fin. LLC*, No. 3:15-cv-263, 2018 WL 1523212, at *9 (N.D. Ind. Mar. 28, 2018) (applying, at summary judgment, employment discrimination standards to an ECOA claim).

In effect, the Court is left to rely on the Plaintiff's conclusory allegations of discrimination by the Defendants when they denied his loan applications. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). That alone will not defeat a motion to dismiss, so the Plaintiff has failed to state a claim of "public assistance" discrimination under the ECOA.

In addition to the "public assistance" discrimination claim, the Plaintiff alleges that Mr. Mayer retaliated against him following their conversation on December 3, 2020, when the Plaintiff accused him of discrimination. The ECOA prohibits retaliation such that creditors cannot discriminate against an applicant "because the applicant has in good faith exercised any right under [the Consumer Credit Protection Act (CCPA)]." 15 U.S.C. § 1691(a)(3). The Plaintiff only alleges that he complained to the bank's branch manager, but he has not otherwise claimed to have exercised a right provided in the CCPA. *See Obi v. Chase Home Fin., LLC*, No. 10 C 5747, 2011 WL 529481, at *6 (N.D. Ill. Feb. 8, 2011) (stating that the plaintiff did not allege that another lawsuit he filed was a good faith exercise of his ECOA rights); *see also Marks v. Union Bank of Blair*, No. 17-cv-367, 2017 WL 2638069, at *2 (W.D. Wis. June 19, 2017) ("[T]he Act does not provide general 'whistle blower' protection."). To the extent the Plaintiff is bringing an ECOA retaliation claim, his allegations do not state a claim for relief.

Therefore, because the Plaintiff has not adequately alleged a claim under the ECOA, his Complaint is dismissed. However, the Plaintiff is granted up to and including March 25, 2022, to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading."). Any amended

complaint must cure the deficiencies identified in this Opinion. If the Plaintiff does not file an amended complaint by March 25, 2022, the Court will direct the Clerk of Court to close the case.

**B.   Pending Motions**

In addition to their Motion to Dismiss, the Defendants also filed a Motion for Summary Ruling on Defendants' Motion to Dismiss [ECF No. 17], a Motion for Summary Ruling on Motion to Dismiss; and/or for Dismissal Pursuant to Fed. R. Civ. P. 41(b) [ECF No. 25], a Motion for Summary Judgment [ECF No. 29], and a Motion for Leave to File Memorandum in Support of Summary Judgment Under Seal [ECF No. 35]. These motions request, in one way or another, that the Court dismiss the Plaintiff's case. Because this Opinion dismisses the Plaintiff's Complaint and grants him leave to amend, the Court denies these motions as moot.

On January 24, 2022, the Plaintiff filed a Request for Extra Time [ECF No. 27], asking for 90 days to find an attorney to help with his case. The Court grants this motion to the extent that the Plaintiff is granted up to an including March 25, 2022, to file an amended complaint, during which time he can attempt to find an attorney.

## CONCLUSION

For the reasons stated above, the Court hereby:

1. GRANTS Defendants' Motion to Dismiss [ECF No. 10] and DISMISSES without prejudice the Complaint [ECF No. 1];

2. GRANTS the Plaintiff up to and including March 25, 2022, to file an amended complaint;

3. DENIES as moot the Defendants' Motion for Summary Ruling on Defendants' Motion to Dismiss [ECF No. 17], Motion for Summary Ruling on Motion to Dismiss and/or for Dismissal Pursuant to Fed. R. Civ. P. 41(b) [ECF No. 25], Motion for

Summary Judgment [ECF No. 29], and Motion for Leave to File Memorandum in Support of Summary Judgment Under Seal [ECF No. 35]; and

4. GRANTS the Plaintiff's Request for Extra Time [ECF No. 27], to the extent he is granted up to and including March 25, 2022, to file an amended complaint, during which time he may attempt to find an attorney.

If the Plaintiff does not file an amended complaint by March 25, 2022, the Court will direct the Clerk of Court to close the case without further notice to the Plaintiff.

SO ORDERED on February 7, 2022.

        s/ Theresa L. Springmann  
        JUDGE THERESA L. SPRINGMANN  
        UNITED STATES DISTRICT COURT